**Jacqueline M. Vigilante, Esq.**
**The Vigilante Law Firm, PC**
**99 North Main Street**
**Mullica Hill, NJ 08062**
**856-223-9990**
**jacci@thevigilantelawfirm.com**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CARMEN CHAPMAN** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No.  08-CV-____** |
| | : | |
| **BOROUGH OF LAWNSIDE, LLOYD** | : | |
| **LEWIS, JOHN CUNNINGHAM** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendants.** | : | |

### COMPLAINT – JURY TRIAL DEMANDED

COMES NOW Carmen Chapman, plaintiff herein, and file this her complaint for

damages as follows:

I.     **INTRODUCTION**

1.    Plaintiff Carmen Chapman, brings this action for damages against the Borough of

Lawnside, Lieutenant Lloyd Lewis, and Public Safety Director John Cunningham, her employer,

for irrational and arbitrary treatment in the terms and conditions of her employment, all in violation

of the First and the Equal Protection Clause of the  Fourteenth Amendments to the U.S. Constitution

which constitute violations of 42 U.S.C. § 1983, for violations of the Equal Protection Clause of the

Constitution of the State of New Jersey  and for violations of the New Jersey Law Against

Discrimination and state common law claims, over which this court has ancillary jurisdiction.

Plaintiff seeks an award of compensatory damages against Defendants and rescission of any

-1-

discipline Plaintiff has been subjected to, back pay and equitable relief including front pay and/or

reinstatement, and reimbursement for all costs and attorneys fees incurred in the prosecution of this

litigation.  Plaintiff also seeks punitive damages against Defendant Borough under the NJ LAD, and

Defendants Cunningham and Lewis under 42 U.S.C. §1983.

II.    **JURISDICTION AND VENUE**

2.    This action is initiated pursuant to 42 U.S.C. § 1983. This Court may properly maintain

personal jurisdiction over Defendant because Defendant' contacts with this state and this judicial

district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional

notions of fair play and substantial justice, satisfying the standard set forth by the United States

Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

3.    The United States District Court for the District of New Jersey may properly maintain

original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and

1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of

civil rights.  The Court may also maintain supplemental jurisdiction over the state law claims set

forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they

form part of the same case or controversy.

4.    Venue is properly laid in the New Jersey District Court 28 U.S.C. §§ 1391(b)(1) and

(b)(2), because all Defendants reside in and/or conduct business in this judicial district and because

a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in

this judicial district.  Plaintiff was working in the New Jersey District at the time of the illegal

actions set forth herein.

III.    **PARTIES**

5.   Plaintiff, Carmen Chapman, is an adult individual residing in the County of Camden, State of New Jersey and is subject to the jurisdiction of this Court.

6. Defendant, John Cunningham, is an adult individual employed in the State of New Jersey, serves as the Director of Public Safety of the Borough of Lawnside and is subject to the jurisdiction of this Court.

7. Defendant, Lloyd Lewis, is an adult individual residing in the State of New Jersey, serves as a supervisory Lieutenant of the Police Department of the Borough of Lawnside and is subject to the jurisdiction of this Court.

8.   Defendant the Borough of Lawnside is a municipal corporation and a political subdivision of the State of New Jersey and is subject to the jurisdiction of this Court.

IV.    **FACTUAL BACKGROUND**

9.   In September 2002, Plaintiff was appointed to the position of Police Officer by the Borough of Lawnside**.**

10.  Plaintiff is a Hispanic female.

11.  At the time of her appointment, through 2006, Plaintiff was and is Lawnside's sole female police officer.

12.   Prior to her appointment, during the interview and application process, then Sergeant Lewis repeatedly made comments to Plaintiff about getting together for drinks and expressed a desire to spend time with Plaintiff, which made Plaintiff feel uncomfortable.

13.   During her swearing in ceremony, Plaintiff was congratulated by members of the Borough council and the police department with handshakes.  Lewis grabbed and hugged Plaintiff.

14.  Plaintiff was verbally reprimanded for inappropriate contact with Lewis by then Public Safety Director George D. Pugh. Lewis was not reprimanded for the conduct.

-3-

15.  Following her appointment, Plaintiff attended and successfully completed the Camden County police academy.  Plaintiff's Police  Training Certificate was awarded to her on February 8, 2003.

16.  On or about February 14, 2003, Plaintiff assumed the duties of a police officer for the Borough of Lawnside.  Plaintiff was a probationary employee for the first year of employment.

17.  In April 2004, Defendant Lewis, while off-duty, was present at a shooting at which Plaintiff was one of the first responding officers.

18. At that time, Lewis ordered Plaintiff not to conduct the investigation when she arrived on the scene. Plaintiff was later instructed by her supervisor that evening to conduct the investigation, which Plaintiff did.

19. During the course of her employment, Plaintiff has been supervised by Lewis.

20. During the course of her employment, Lewis has continued to ask Plaintiff socialize outside of work, but Plaintiff always refused.

21. Since April 2004 through Plaintiff's suspension in August 2007, Lewis has engaged in a pattern of harassment against Plaintiff, including, but not limited to:

a..  Instructing the officers of the Barrington Police Department not to back up Plaintiff and her partner, should they call for backup;

b.  Denying Plaintiff a light duty assignment after injury on duty;

c.  Initially denying Plaintiff's request for bereavement leave and then granting said leave only after requiring Plaintiff to submit information not required of other male/non-hispanic employees' requests for bereavement leave.

d. Failing to provide Plaintiff with  equipment which was required to perform her duties as a police officer;

e. Participating in or recommending discipline in the form of a Preliminary Notice of Discipline which sought the removal of Plaintiff from her appointment as a police officer in August 2006.

22.  In September 2005, Plaintiff suffered a work related injury to her knees. She returned to work shortly thereafter in a light duty capacity and remained in that position until December 2005.

23.  Plaintiff's light duty assignments included court appearances, crossing guard duties, investigations that did not include emergent situations and police clerical work.

24.  In January 2006, Plaintiff's physician determined that Plaintiff was no longer able to work in a light duty capacity.

25.  In the beginning months of 2006, Plaintiff regularly met with Lewis to provide her doctor's notes regarding the status of her disability.

26.  In March 2006, Plaintiff was re-released to light duty by her doctor.

27.  On or about March 9, 2006 Plaintiff provided the doctor's note to Lewis who questioned her during their meeting as to whether she had a pending complaint of harassment against him. Lewis did not give her an answer of her request for light duty at that time.

28.  Based upon the conduct Lewis engaged in with respect to the Plaintiff during the preceding four years of her employment, as described in paragraphs 12, 13, and 21, a person in Lewis's position would have reasonably believed that Plaintiff had a claim against him  for harassment.

29.  Plaintiff denied having a complaint pending against Lewis but Lewis told her he was denying her request for light duty any way on May 13, 2006.

30.  On May 5, 2006, Cunningham began serving as the Director of Public Safety for the

Borough of Lawnside.

31.  Immediately following his appointment, Cunningham treated Plaintiff differently than other officers in the police department by engaging in the following conduct:

       a.. Reviewing Plaintiff's personnel file to examine her history of work-related injuries;

       b.  Interviewing the adjusters, investigators and attorneys for the workers' compensation carrier;

       c.  Ordering Sgt. Plenty to write reports on his knowledge of each and every injury Plaintiff had sustained during her four years on the force;

       d. Reviewing and researching state law to determine a basis to remove Plaintiff from her appointment;

32. At no time did Cunningham interview Plaintiff to determine her status or to obtain information from her about her work-related injuries.

33. In May 2006. Plaintiff had surgery on her right knee as a result of her work injury.

34.  On July 30, 2006, Defendant discontinued paying Plaintiff's salary.

34.  On August 6, 2006, without warning, while Plaintiff remained on full work restrictions, Cunningham issued a Preliminary Notice of Discipline to Plaintiff suspending her from duty effective August 15, 2006 with the intent to remove on the basis of her inability to return to work as a police officer.

35.  The disciplinary notice was based upon Cunningham's determination that Plaintiff was unfit for duty due to her inability to return to work.

36.  Thereafter on August 9, 2006, the Notice was served on Plaintiff by officers of the Defendant at her home, at which time she was required to relinquish her Borough keys, service

weapon, badge and Borough identification.

37. On August 15, 2006, Plaintiff's physician released her to perform desk duty and to allow her to train and qualify with her service weapon.

38. Defendant again refused to accommodate Plaintiff's disability and refused to return her to work.

39. Following the Borough's refusal to reinstate Plaintiff, Plaintiff was released to return to her full duties on September 4, 2006.

40. Once again, the Borough refused, without rational or legitimate basis, to return Plaintiff to her duties as a police officer.

41. Plaintiff's period of disability due to the work injury was approximately nine months.

42. The Borough's policy provides employees with medical leave of absence up to one year, with extensions as granted by the Borough.

43. The Borough did not provide Plaintiff with one year of leave before it instituted its disciplinary action.

44. In 2000, the Borough provided a male police office, Timothy Israel, with one year paid leave for a work related injury. Following his leave, Office Israel was returned to his regular duties without any discipline.

45. Following the Borough's unreasonable refusal to reinstate Plaintiff, her doctor recommended a surgery to repair Plaintiff's left knee, which was performed in October 2006.

46. Once again, following a period of recuperation, Plaintiff was released to return to full duty on June 5, 2007.

47. Again the Borough refused, without rational or legitimate basis, to reinstate Plaintiff to her duties as a police officer.

48. Rather than reinstate Plaintiff, the Borough required the Plaintiff to submit to a psychological evaluation, an independent medical evaluation and to return to the police academy as a recruit.

49. At all times, Plaintiff maintained a Police Training Certificate, which qualifies Plaintiff to serve as a police officer.

50. A Police Training Certificate ("PTC") expires only after a police officer has not served in that capacity for a period of three years or more.

51. At all times Plaintiff's PTC was valid.

52. Defendant could have sent Plaintiff to the Academy for training, but not with recruit status.

53. Sending Plaintiff to the Police Academy as a recruit was designed to humiliate and harass Plaintiff, since Plaintiff could not be awarded a second PTC.

54. Officer Israel, who was on leave for a full year, was not required to return to the police academy.

**COUNT I**
**VIOLATION OF PLAINTIFF'S RIGHT TO**
**EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT**
**CLASS OF ONE**
**AGAINST DEFENDANT CUNNINGHAM**
**42 U.S.C § 1983**

55. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

56. Plaintiff has been treated differently in the terms and conditions of her employment than other similarly situated employees.

57. The discipline Plaintiff has been subjected to was motivated by Defendant Cunningham's ill will towards Plaintiff and is irrational and arbitrary and not based upon enforcement of a legitimate governmental objective. Defendant's ill will and malice toward Plaintiff was generated

in part by Plaintiff's work-related injuries which resulted in a disability.

58.  There is no rational or legitimate basis for disciplining Plaintiff with a suspension with the intent to remove where she was unable to return to work due to her disability.

59.  There was no rational or legitimate basis for refusing to reinstate Plaintiff on September 4, 2006 when she was cleared to return to work without restriction.

60.  There was no rational or legitimate basis for requiring Plaintiff to submit to a psychological evaluation once she was cleared to return to work following her second surgery, where Plaintiff had no history of a psychological injury.

61.  There was no rational or legitimate basis for sending Plaintiff to the police academy as a recruit when she held a valid PTC.

62.  As a result of Defendant's actions, Plaintiff has suffered pecuniary losses, and emotional pain and suffering, as set forth herein.

63.  Defendant's actions as complained of above were willful, wanton, malicious, and/or were made in reckless disregard of plaintiff's civil rights and plaintiff is entitled to receive an award of punitive damages.

64.  Defendant Cunningham's actions, as complained of above, were taken under color of state law.

65.  Defendant Cunningham's actions were taken with deliberate indifference to plaintiff's well established rights under the law.  Defendant Lewis knew or should have known that his actions of twice refusing to reinstate Plaintiff to her police officer duties, denying Plaintiff light duty assignments, denying Plaintiff a full one leave, sending plaintiff back to the police academy as a recruit and in subjecting Plaintiff to psychological testing were illegal and not reasonable under the law as established at the time he took said action.  His action therefore constituted a violation of

plaintiff's rights to equal protection under the law and results in liability under 42 U.S.C. § 1983.

WHEREFORE, plaintiff respectfully requests that this court enter a judgment in her favor:

      (a) awarding her back pay, front pay and/or reinstatement;

      (b) awarding her compensatory damages;

      (c) awarding her punitive damages;

      (d) awarding her attorneys fees and costs of this action: and

      (e) granting other such relief as the Court deems necessary and appropriate.

**COUNT II**
**VIOLATION OF PLAINTIFF'S RIGHT TO FREE SPEECH**
**FIRST AMENDMENT -RETALIATION**
**42 USC §1983**
**AGAINST DEFENDANT LEWIS IN HIS INDIVIDUAL CAPACITY**

66. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

67. Defendant Lewis denied Plaintiff's request for light duty in May 2006, after expressing his concern that Plaintiff had filed a charge of harassment against him.

68. Defendant's refusal to grant Plaintiff light duty, as she had been granted in the past, was motivated, in whole or in part, by Defendant's concern that Plaintiff had complained about his conduct and treatment.

69. Defendant Lewis's actions, as complained of above, were taken under color of state law.

70. Defendant Lewis's actions were taken with deliberate indifference to plaintiff's well established rights under the law. Defendant Lewis knew or should have known that his action of denying light duty to plaintiff in retaliation for engaging in protected activity was illegal and not reasonable under the law as established at the time he took said action. His action therefore constituted a violation of plaintiff's rights under the First Amendment to the U.S. Constitution and results in liability under 42 U.S.C. § 1983.

71. Plaintiff suffered damages as a direct result of Defendant's unlawful actions, including lost pay and emotional distress.

72. Defendant's actions as complained of above were willful, wanton, malicious, and/or were made in reckless disregard of plaintiff's civil rights and plaintiff is entitled to receive an award of punitive damages.

WHEREFORE, plaintiff respectfully requests that this court enter a judgment in her favor:

   (a) awarding her back pay, front pay and/or reinstatement;

   (b) awarding her compensatory damages;

   (c) awarding her punitive damages;

   (d) awarding her attorneys fees and costs of this action: and

   (e) granting other such relief as the Court deems necessary and appropriate. .

.

### COUNT III
### AGAINST THE BOROUGH OF LAWNSIDE
### NEW JERSEY LAW AGAINST DISCRIMINATION
### GENDER DISCRIMINATION
### N.J.S.A.10:5-1 et seq.

73. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

74. The Plaintiff is a member of a class of persons who are female and as such are protected from discrimination under the NJ LAD.

75. Defendant has intentionally discriminated against Plaintiff in the terms and conditions of her employment subjecting to disparate treatment on the basis of gender which is proscribed by the LAD.

76. As a direct result of defendant's discriminatory conduct, Plaintiff has suffered pecuniary losses, and emotional pain and suffering, as set forth herein.

77. Defendant's actions as complained of above were willful, wanton, malicious, and/or were

made in reckless disregard of plaintiff's rights and plaintiff is entitled to receive an award of punitive damages.

WHEREFORE, plaintiff respectfully requests that this court enter a judgment in her favor:

(a) awarding her back pay;

(b) awarding her compensatory damages;

(c) awarding her punitive damages;

(d) awarding her attorneys fees and costs of this action: and

(e) granting other such relief as the Court deems necessary and appropriate.

**COUNT IV**
**AGAINST THE BOROUGH OF LAWNSIDE**
**NEW JERSEY LAW AGAINST DISCRIMINATION**
**DISABILITY DISCRIMINATION**

78. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

79. As a result of her injuries, Plaintiff was a person with a disability, or in the alternative, was perceived to have a disability.

80. Plaintiff is a member of a class of persons who are handicapped and as such is protected from discrimination under the NJ LAD.

81. Defendant has intentionally discriminated against Plaintiff in the terms and conditions of her employment by

a. refusing to accommodate Plaintiff and assign her to light duty work.

b. disciplining Plaintiff based on her disability or in the alternative, Defendant's perception of her as disabled;

c. suspending Plaintiff with the intent to remove her from her appointment;

d. ordering Plaintiff to undergo psychiatric evaluation;

e. ordering Plaintiff to return to the police academy as a recruit.

82.    Defendant treated other similarly situated employees more favorably.

83.    As a direct result of defendant's discriminatory conduct, Plaintiff has suffered pecuniary losses, and emotional pain and suffering, as set forth herein.

84.    Defendant's actions as complained of above were willful, wanton, malicious, and/or were made in reckless disregard of plaintiff's rights and plaintiff is entitled to receive an award of punitive damages.

WHEREFORE, plaintiff respectfully requests that this court enter a judgment in her favor:

(a) awarding her back pay;

(b) awarding her compensatory damages;

(c) awarding her punitive damages;

(d) awarding her attorneys fees and costs of this action: and

(e) granting other such relief as the Court deems necessary and appropriate.

## COUNT V
## VIOLATION OF 14TH AMENDMENT RIGHT TO EQUAL PROTECTION UNDER 42 U.S.C § 1983 AGAINST DEFENDANT BOROUGH OF LAWNSIDE

85.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

86.    As a municipality organized under the laws of the State of New Jersey the Borough of Lawnside's actions were taken under color of state law.

87.    Defendant Borough of Lawnside maintains a policy, practice, custom or procedure of preventing female police officers from receiving medical leave benefits including modified duty assignments and additionally in disciplining them for taking medical leave benefits on the basis of their gender.

88.    Defendant Borough of Lawnside's policy, practice, custom or procedure as set forth

in the preceding caused, or directly resulted in the failure to allow plaintiff to work in a light duty status as well as discipline for taking medical leave as set forth herein.

89.     By preventing plaintiff from receiving medical leave benefits as set forth herein which actions were based upon her gender, Defendant Borough of Lawnside violated Plaintiff's right to Equal Protection as guaranteed by the Fourteenth Amendment to the U.S. Constitution.

90.     Defendant Borough of Lawnside engaged in the aforesaid discriminatory practices with malice and/or reckless indifference to Plaintiff's federally-protected right to be free from employment discrimination based on her gender in violation of 42 U.S.C. § 1983.

91.     As a result of Defendant's actions, Plaintiff has suffered pecuniary losses, and emotional pain and suffering, as set forth herein.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

      a.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for all Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

      b.     Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by all Defendant's actions;

      c.     Plaintiff is to accorded other equitable and legal relief as the Court deems just;

      d.     Plaintiff is to awarded the costs and expenses of this action and reasonable attorney's fees and as provided by applicable federal and state law;

-14-

## COUNT VI
## VIOLATION OF 14TH AMENDMENT RIGHT TO EQUAL PROTECTION UNDER 42 U.S.C § 1983 AGAINST DEFENDANT CUNNINGHAM IN HIS INDIVIDUAL CAPACITY

92.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

93.     As the Director of Public Safety for the Borough of Lawnside all of John Cunningham's actions as taken toward plaintiff as described herein were taken under color of state law.

94.     By preventing plaintiff from receiving medical leave benefits and from returning to her duties as a police officer  on the basis of her gender, as set forth in paragraphs 19-28, Defendant Cunningham violated Plaintiff's right to Equal Protection as guaranteed by the Fourteenth Amendment to the U.S. Constitution.

95.     As a result of Defendant's actions, Plaintiff has suffered pecuniary losses, and emotional pain and suffering, as set forth herein.

96.     Defendant John Cunningham's actions as complained of above were willful, wanton, malicious, and/or were made in reckless disregard of plaintiff's civil rights and plaintiff is entitled to receive an award of punitive damages.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

a.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for all Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

b.     Plaintiff is to be awarded actual damages, as well as damages for the

pain, suffering, and humiliation caused by all Defendant's actions;

c.    Plaintiff is to be awarded punitive damages as permitted by applicable

law, in an amount believed by the trier of fact to be appropriate to punish

Defendant Cunningham for his reckless, willful, deliberate, and malicious

conduct;

d.    Plaintiff is to accorded other equitable and legal relief as the Court deems

just;

e.    Plaintiff is to awarded the costs and expenses of this action and

reasonable attorney's fees and as provided by applicable federal and state law;

PLEASE TAKE NOTICE that demand is hereby made by the Plaintiff for a Trial

by Jury as to all issues of this cause of action.

Dated:

**Jacqueline M. Vigilante, Esquire**
The Vigilante Law Firm, P.C.
99 North Main Street
Mullica Hill, NJ 08062
(856)223-9990
(856)223-1196 (fax)
Jacci@thevigilantelawfirm.com