**Allan E. Richardson, LLC**
915 Haddon Ave.
Collingswood, NJ 08108
Tel: 856-858-3330, Fax: 856-858-3343
Arichardson@employmentlaw-nj.com
Attorney for Defendants Borough of Lawnside, John Cunningham

| | |
|---|---|
| CARMEN CHAPMAN<br><br>Plaintiff,<br><br>v.<br><br>BOROUGH OF LAWNSIDE, LLOYD LEWIS, JOHN CUNNINGHAM<br><br>Defendants | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CAMDEN VICINAGE<br>CIVIL NO. 08-cv-1695<br><br>Civil Action<br><br>**DISCOVERY CONFIDENTIALITY ORDER/PROTECTIVE ORDER** |

THIS MATTER having come before the Court Pursuant to L.R.Civ.P.5.3 for a protective Order filed by Linda A. Galella, Esquire of the law offices of Allan E. Richardson, LLC, Attorney for Defendants Borough of Lawnside and John Cunningham, and with the consent of Guy Ryan, Esq., Attorney for Defendant Lloyd Lewis, and Jacqueline Vigilante, Esq., attorney for plaintiff, concerning the production of certain files of the Borough of Lawnside, specifically:

1.  Any and all personnel files produced in this matter including but not limited to the Personnel File of Timothy Israel;

2.  Medical Records and Medical Bills of any party or witness;

3.  Psychological Report (Fitness for Duty) re: Carmen Chapman prepared by Dr. Robert L. Tanenbaum, Ph.D., dated October 12, 2007;

1

4.    Entire file of Dr. Robert L. Tanenbaum, Ph.D.

All of which are allegedly relevant to the claims of Plaintiff in the above-captioned litigation;

IT IS on this   3rd   day of   October  ,  2008, ORDERED and ADJUDGED as follows:

1. The contents of certain files as enumerated above, shall be and hereby are designed as "Confidential" material in this litigation. Documents ordinarily available to the public shall not be designated as "Confidential";

2. All counsel and parties shall treat all enumerated documents as "Confidential," unless otherwise ordered by the court;

3. Counsel for the Defendant may redact social security numbers, monetary remuneration, home information, and any family information prior to submitting the enumerated documents to the Plaintiff;

4. All material identified as "Confidential" shall not be used by the party receiving such material from the disclosing party or its counsel for any purpose other than the conduct of this litigation; *i.e.* CIVIL NO. 08-cv-1695 in the United States District Court for the District of New Jersey;

5. Documents which are marked as "Confidential" and other documents which are marked as "Confidential", the substance or contents of "Confidential" material, as well as all notes and memoranda relating to such "Confidential" material shall not be disclosed by the party receiving such material from disclosing party to anyone other than the following:

a. The party and its counsel, including in-house counsel, who are actively engaged in the conduct of litigation;

b. Secretaries, paralegal assistants, and employees of such attorneys who are rendering professional services in this litigation;

c. Court officials involved in litigation, including but not limited to the presiding judge, his judicial clerks, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court;

d. Outside consultants or experts retained for the purpose of assisting counsel in this litigation; provided, however, that in all such cases under this subparagraph (d) the individual to whom disclosure is made has signed a form containing:

   i. a recitation that the signatory has read and understands this stipulation;

   ii. a recitation that the signatory understands that unauthorized disclosure of the "Confidential" material constitutes contempt of court;

Allan E. Richardson, LLC

3

      iii.    a recitation that the signatory agrees to return all documents, and all copies thereof, to the counsel who provided the material within 30 days of the termination of the litigation as defined in paragraph 9 of this Protective Order; and

      iv.    a statement that the signatory consents to the exercise of personal jurisdiction by this court.

    c.    The executed form noted above must be sent to all counsel in this case.

6. Counsel to the parties are responsible for taking reasonable measures to control, consistent with this stipulation, disclosure of the substance or contents of "Confidential" material. Such reasonable measures shall include, at a minimum, informing any person to whom disclosure is made pursuant to this paragraph, of the restrictions or disclosure contained in this stipulation.

7. When documents, briefs, or memoranda containing "Confidential" material will be filed with the Court, and if a party requests that the "Confidential" material be sealed, they shall comply with the requirements of L.R. Civ. P.5.3.

8. Information disclosed at a deposition may be designated as "Confidential" by either:

    a.    indicating the record at the deposition that portions of the testimony are "Confidential" and subject to the provisions of this Protective Order and/or

Allan E.
Richardson,
LLC

4

  b. by notifying all parties or counsel who attended such deposition in writing within thirty (30) days of the receipt of the transcript as to those pages and lines that contain "Confidential" material. In either event, all information disclosed at a deposition shall be treated as "Confidential" until thirty (30) days after receipt of the transcript by attorneys for the parties. The court reporter shall make two (2) copies of the transcripts when "Confidential" documents are concerned, one copy with the confidential documents and one without them.

9. When "Confidential" material drawn from documents or information is presented, quoted, or referenced in any deposition, hearing, or other proceeding, counsel for the offering party shall make arrangements, or when appropriate, request the court to make arrangements, to ensure that only persons qualified by this court order to receive "Confidential" material are present during such presentation, quotation, or reference.

10. Within thirty (30) days after the final determination of this case by judgment, settlement or otherwise, and after final determination of all appeals, and after expiration of the time available to appeal or move for reconsideration, the parties will destroy all confidential documents except that the parties will maintain one copy of all confidential documents pursuant to their offices records retention policy.

11. This Protective Order does not address the procedures to be followed or the protection to be afforded "Confidential" material in the event of a trial in this matter.

12. A willful violation of the terms of this order may result in appropriate sanctions to be determined by the Court.

Allan E. Richardson, LLC

5

13. Should the need arise, counsel may make further applications to the court for deviations from this Protective Order. [handwritten: Discovery Confidentiality]

14. This order shall be subject to modification by a judge or a magistrate judge at any time.

IT IS FURTHER ORDERED AND ADJUDGED that except as to "public documents" otherwise obtainable by a citizen, the documents enumerated above and the terms enumerated herein relating to the documents enumerated above shall be and hereby are designated as "Confidential" material in this litigation.

IT IS FURTHER ORDERED that a copy of this Order shall be served within seven (7) days of the date of this Order to all counsel in this matter.

_____
The Honorable Joel Schneider, U.S. M.J.

Allan E.
Richardson,
LLC

6